UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LUIS ADRIAN ESPINOZA-AGUILAR,
                        Defendant.

Case No. CR19-5473-RBL

DETENTION ORDER

THE COURT, having conducted a detention hearing on December 27, 2019 pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

The defendant is charged with Illegal Reentry After Deportation under 8 U.S.C. §1326(a). Dkt. 10, Information. Counsel informed the Court during the detention hearing that the parties were stipulating to detention. Defense counsel referred to the fact that Mr. Espinoza-Aguilar has an immigration detainer, as one reason that the defense was stipulating to detention. The Court indicated on the record that it was not going to consider the civil immigration detainer as a basis for accepting the stipulation. The Court accepts the stipulation for different reasons, as described below.

The Court has not considered either the probability of removal due to immigration proceedings, or the effect of an immigration detainer. *United States v. Santos-Flores,* 794 F.3d 1088, 1092(9th Cir. 2015). The Court has not considered immigration status as a factor in the decision to detain Mr. Espinoza-Aguilar, nor has the Court speculated on what may or may not occur in Mr. Espinoza-Aguilar's civil immigration proceedings. *United States v. Diaz-Hernandez,* 943 F.3d 1196, 1199 (9th Cir. 2019).

The government met its burden of proving by a preponderance of the evidence that the defendant presents a significant risk of flight based on the defendant's history of repeated criminal conduct concerning evading the immigration laws of the United States

and is currently subject to a 5-year no-contact order as a result of an Assault in the Fourth Degree – Domestic Violence charge in Clark County District Court, Vancouver, Washington. First Supplemental Pretrial Report at 2-3; Dkt. 1, Complaint at 3. The Court considered this no-contact order as evidence of both the potential for flight or failure to appear, as well as evidence of dangerousness to others or to the community.

The Court also finds there exists clear and convincing evidence that the defendant presents a significant risk of danger to others and to the community. The defendant has a pending charge from November 20, 2019 in Clark County, Washington, involving domestic violence, and the Court may draw a reasonable inference from the fact there are two individuals listed in a five-year no- contact order from Clark County. The Court may infer from the charges and the no-contact order that the defendant's violent conduct was directed toward persons with whom he is in a close relationship, as well as others in the community. Second Supplemental Pretrial Services Report at 2-3; Dkt. 1, Complaint at 3.

Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate the potential for failure to appear, flight to avoid prosecution, or repeated behavior of evading the United States immigration laws; and the charges of Fourth Degree Assault – Domestic Violence along with a currently effective no-contact order issued November 21, 2019 also shows that he has not demonstrated law abiding behavior in the community. All of these circumstances convince the Court that his threat to the community continues and his behavior cannot be successfully controlled. In addition, defense counsel indicated during the hearing that another reason the defendant was stipulating to detention is that defendant has no residence that could be proposed for pretrial release.

Although the defendant has a girlfriend and a 6-month-old-child, which would

constitute substantial ties to the community where he was residing, and he also has been working at a restaurant in Vancouver, Washington for about two years, there are no conditions or combination of conditions that would be stable or reliable in terms of regulating his ability to control his behavior. The defendant's history of domestic violence charges and a no-contact order constitutes clear and convincing evidence of violent acts toward persons (two persons identified in the no-contact order) with whom he has a close relationship. The circumstances of the current offense – defendant, a citizen of Mexico, re-entering the United States despite having no authorization to return after being removed (Dkt. 1, Complaint, at 2-4) – show by a preponderance of evidence that he would be a risk of non-appearance and flight, because he has shown the ability to avoid detection for at least two years while living in Vancouver, Washington after re-entering. Dkt. 1, Complaint at 3; Second Supplemental Pretrial Services Report at 1-2.

This decision is based on 1) the nature and circumstances of the offense(s) charged, 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger release would impose to any person or the community.

### *Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.

▸ The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

December 27, 2019

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge